

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# In Re: Bronson v. Horn

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2670

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Bronson v. Horn" (2005). *2005 Decisions*. Paper 658.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/658

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-280                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2670
_____

IN RE: PURCELL BRONSON,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court For the
Middle District of Pennsylvania
(Related to D.C. Civ. No. 03-cv-00130)

_____

Submitted Pursuant to Rule 21, Fed. R. App. Pro.
June 16, 2005

Before: ROTH, BARRY AND SMITH, CIRCUIT JUDGES

(Filed:  August 23, 2005 )
_____

OPINION
_____

**PER CURIAM**

Petitioner Purcell Bronson and several other state prisoners filed suit in United

States District Court for the Middle District of Pennsylvania in January 2003.  In an order

entered on November 12, 2004, the District Court granted the plaintiffs leave to file a

second amended complaint on or before December 20, 2004, or suffer dismissal of the

case.  In an order entered on January 5, 2005, the District Court found that the plaintiffs

had not filed their amended complaint by the deadline, and thus had not complied with

the court's order. The court ordered the case closed. All outstanding motions were denied as moot. In an order entered on January 19, 2005, the District Court reopened the case after learning that plaintiff Michael Grazier had not received the court's orders due to a clerical error. Grazier was given a new deadline of February 17, 2005 to file his second amended complaint.

On February 7, 2005, Bronson filed a notice of appeal from the January 5 order, which was docketed in this Court at C.A. No. 05-1388. Bronson was advised by the Legal Division of our Clerk's Office that his appeal was premature, because an order entered by a District Court that determines the rights and liabilities of fewer than all of the parties is not immediately appealable unless the District Court directs the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).

Also on February 7, 2005, Bronson filed a motion for reconsideration and a motion for an extension of time to file a motion for reconsideration. In an order entered on February 28, 2005, the District Court denied the motion for reconsideration as untimely, and denied the motion for an extension of time. In a second order entered on the same day, the District Court ordered the case closed once again insofar as Grazier had failed to file his amended complaint by the deadline. The case thus became ripe for appeal on February 28, 2005.

Instead of filing a new notice of appeal, or paying the appellate docketing fees in the appeal docketed at C.A. No. 05-1388 (the appeal was procedurally terminated by the Clerk on March 31, 2005 when the appellate docketing fees were not paid), and

submitting written jurisdictional argument that appeal No. 05-1388 ripened upon the District Court's February 28, 2005 order, Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983) (holding that premature notice of appeal, filed after disposition of some claims, but before entry of final judgment, will ripen upon court's disposal of remaining claims), Bronson, on May 24, 2005, filed the instant petition for writ of mandamus.

Bronson appears to complain that there are outstanding matters in the case below that the District Court should be required to decide. There are not, and we thus conclude that Bronson is not entitled to mandamus relief because he has not shown that the right to issuance of this extraordinary form of relief is clear and indisputable. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). The case is over in the district court and all outstanding motions have been decided. Bronson also asserts in his mandamus petition that he made significant efforts to comply with the District Court's November 12 order granting the plaintiffs leave to file a second amended complaint on or before December 20, 2004. This allegation of error is the kind that can be addressed on appeal and thus is not a proper basis for a mandamus petition. Helstoski v. Meanor, 442 U.S. 500, 505-06 (1979).

Because the mandamus petition is evidently *bona fide*, Bronson is not subject to the fee provisions of the Prisoner Litigation Reform Act. Madden, 102 F.3d at 78-79.

We will deny the petition for writ of mandamus.